# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, BERG, and YOB
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Specialist KEVIN S. GALLAWAY**
**United States Army, Appellant**

ARMY 20100248

Headquarters, Fort Carson
Mark A. Bridges, Military Judge
Colonel Randy T. Kirkvold, Staff Judge Advocate (pretrial advice and addendum)
Lieutenant Colonel Steven P. Haight, Acting Staff Judge Advocate
(recommendation)

For Appellant:  Colonel Mark Tellitocci, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Laura R. Kessler, JA; Captain Richard M. Gallagher, JA (on brief and reply brief).

For Appellee:  Colonel Michael E. Mulligan, JA; Major Amber J. Williams, JA; Major Adam S. Kazin, JA; Captain Chad M. Fisher, JA (on brief).

28 October 2011

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of absence without leave, violating a lawful general order, making a false official statement, and transporting or shipping child pornography in interstate or foreign commerce, in violation of Articles 86, 92, 107, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 892, 907, and 934 (2008) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, confinement for twenty-two months and reduction to E1.  The convening authority approved the sentence as adjudged.

GALLAWAY—ARMY 20100248

On appeal, appellant raised four assignments of error. We find only one of these assignments of error has merit and warrants discussion.[*] This assignment of error concerns the number of images of child pornography included in the specification alleging appellant violated Title 18 U.S.C. § 2252(a)(1) by knowingly transporting or shipping in interstate or foreign commerce a digital external hard drive that contained eighty-one (81) videos and fifty-two (52) images of child pornography.

The stipulation of fact, admitted into evidence pursuant to appellant's guilty plea, indicates that there were fifty-two images of child pornography on the hard drive that appellant transported. The providence inquiry sets out that those images were thumbnails, or still images, produced as a result of saving video files to the hard drive. Appellant now takes issue with the sufficiency of the providence inquiry and the evidence in the record to support whether twenty-seven of those fifty-two images constitute child pornography.

We review a military judge's decision to accept a plea of guilty "for an abuse of discretion and questions of law arising from the guilty plea de novo." *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008). A guilty plea will be set aside on appeal only if an appellant can show a substantial basis in law or fact to question the plea. *Id.* (citing *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)). The Court applies this "substantial basis" test by determining whether the record raises a substantial question about the factual basis of appellant's guilty plea or the law underpinning the plea. *Id.* *See* Article 45, UCMJ; Rule for Court-Martial 910(e).

During the providence inquiry, the military judge defined child pornography pursuant to 18 U.S.C. § 2252A, and appellant admitted to possessing images meeting that definition. From our review of the record, including the enclosure to the stipulation of fact containing images appellant acknowledged as child pornography, it is clear that while many of the images meet the definition of child pornography under 18 U.S.C. § 2252A, it is also clear that many do not. Therefore, we determine that the finding was factually deficient with regards to the number of images and thus, we amend the number of images in the specification from fifty-two (52) to "more than three images."

The court affirms only so much of the finding of Specification 1 of Charge III as finds the appellant did, at or near Colorado Springs, Colorado, between on or about 3 March 2008 and on or about 28 April 2008, violate Title 18 United States Code section 2252A(a)(1), to wit: knowingly transported or shipped in interstate or

---

[*] Assignment of Error IV: APPELLANT WAS NOT PROVIDENT TO TRANSPORTING TWENTY-SEVEN (27) IMAGES OF CHILD PORNOGRAPHY BECAUSE THE IMAGES DO NOT DEPICT SEXUALLY EXPLICIT CONDUCT.

2

GALLAWAY—ARMY 20100248

foreign commerce, by shipping or carrying on his person a Western Digital External Hard Drive with a serial number WXH108057504 containing eighty-one (81) videos and more than three images of child pornography including:

OKB NEW!! PTHC -- Kids and Sex Toys (Preteen Toy Story) -- ptsc  pthc kingpass hussyfan babj jenny babyshivid vickyr@ygold 13yo 12yo 11yo 10yo 9yo 8yo 7yo 6yo 5yo 4yo 3yoavi

(Hussyfan) (pthc) (r@ygold) (babyshivid) Little and dad (Daddy's in love with my 6yo pussy AND SO AM I!!) (Reality kiddy no Ritalin needed_GUESS!! New age proud family-germ.mpg

Inna Private 4yo close-up anal] pedo pthc young girl child 5yo 6yo 7yo 8yo daddy incest fuck.avi

Pedo - Vicky Compilation (Pthc) 10yo Kiddy Reality Child Get's What She Wants – All Kinds Of Fuck Fun With No Delusions)(14m58s).mpg

from his residence in Colorado Springs, Colorado to Combat Outpost Ford, Iraq, which conduct was of a nature to bring discredit upon the armed forces.

On consideration of the entire record, including consideration of the issues personally specified by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), we hold that the remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted, the entire record, including consideration of the issues personally specified by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986) and *United States v. Moffeit*, 63 M.J 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion, the court affirms the sentence as approved by the convening authority.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

3